BROUSSARD v. BLANCHETTE et al.

(Court of Civil Appeals of Texas. Galveston. May 9, 1911. Rehearing Denied June 1, 1911.)

1. TRIAL (§ 169*)—INSTRUCTIONS—DIRECTION OF VERDICT.

Where, in an action on an account against defendants B. and C. jointly, there was no evidence of C.'s liability, and B. did not pray for a judgment over against C. in the event that the jury found that B. was liable, the court properly directed a verdict in favor of C.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 169.*]

2. SALES (§ 53*)—ORIGINAL PROMISE—QUESTION FOR JURY.

In an action for the value of certain feed delivered to C., evidence held to require submission to the jury of the question of B.'s liability to pay therefor under a contract between him and plaintiff's agent.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 53.*]

3. APPEAL AND ERROR (§ 1066*)—STATEMENT OF ISSUES—PREJUDICE.

Where plaintiff alleged a contract with defendant B. to pay for feed furnished to C., B. was not prejudiced by a charge stating the issues that plaintiff claimed a contract between B. and "plaintiff's agent" to pay for the feed furnished to C.; it being immaterial that the transaction was between B. and plaintiff's agent, instead of with plaintiff in person.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4220; Dec. Dig. § 1066.*]

Appeal from District Court, Jefferson County; L. B. Hightower, Jr., Judge.

Action by H. S. Blanchette and others against J. E. Broussard. Judgment for plaintiffs, and defendant appeals. Affirmed.

Taliaferro & Barry, for appellant. Watts & Wheat and J. W. Baker, for appellees.

McMEANS, J. H. S. Blanchette brought this suit against J. E. Broussard and A. C. Colley to recover $3,016.87 for goods, wares, and merchandise consisting of feed stuffs alleged to have been sold by him jointly to the defendants.

Plaintiff in the first count of his petition alleged that the same was made to Broussard and Colley jointly, and in the second count alleged in the alternative that the goods, etc., were sold to Broussard and delivered to defendant Colley at the instance and request of the defendant Broussard. Defendant Broussard answered by general denial, and by sworn plea denied that the account sued upon was just or true as against him. He further pleaded "that said defendant did not for himself, or for any one else, purchase any of the goods, wares, and merchandise mentioned in the account, neither did he authorize or empower any one to purchase the same for him or any one else; that if the same were purchased by his codefendant, A. C. Colley, it was done on his own account and without any authority of this defendant to bind him for such purchases; that this defendant owes the plaintiff nothing; that he did not receive or purchase from him any of the goods, wares, and merchandise mentioned in said account; that he did not request the plaintiff or his agents to deliver said feed stuffs to A. C. Colley, or his employés or agents, nor did he promise or agree to pay for sale." Defendant Colley answered, admitting that the account sued upon by plaintiff was correct, and that the goods were delivered to him, but pleaded that he was not liable to plaintiff therefor for the reason that the feed stuffs were to have been furnished and were fur-

nished to him by his codefendant Broussard, who was his landlord. No cross-action was pleaded by Broussard over against his co-defendant Colley, and no judgment against him was sought by Broussard. The case was tried before the court with the assistance of a jury, and upon an instructed verdict for defendant Colley a judgment in his favor was duly rendered. The case was submitted to the jury on its merits as between plaintiff and defendant Broussard, and resulted in a verdict and judgment for plaintiff against defendant Broussard for the amount of the account sued upon, from which judgment said defendant has duly prosecuted this appeal.

[1] Appellant by his first assignment of error complains of the action of the court in instructing a verdict for A. C. Colley. He contends by his proposition under this assignment that "where the suit is upon an open account against two defendants jointly, and where the evidence was such that ordinary minds could differ and reasonably deduce that either party was liable for such account, it was error to peremptorily instruct for one defendant or the other." It must be conceded that this proposition is sound; and, if the evidence is such as to raise the issue of Colley's liability, the assignment must be sustained. The evidence in the record, however, does not raise the issue. It was shown that appellant with others owned a tract of land on Hillebrandt Bayou which they desired to be cultivated in rice. Broussard was interested also in a rice mill. Colley owned a goodly number of mule teams sufficient to put the land in cultivation and cultivate a rice crop thereon, but he did not own sufficient funds to buy feed for his teams and other supplies necessary to run him until the rice crop was harvested. So an agreement was entered into by which Colley promised to put in cultivation the land owned in part by appellant, and other lands, in the vicinity owned by other parties, not less than 600 acres, and to cultivate a rice crop, and Broussard, acting for himself and for the other landowners, agreed to arrange so that Colley could get supplies in the way of feed, etc., to the amount of $3,500 to be taken up as needed between that time and harvest time. Appellant then asked Colley if he had any place he would prefer to buy the feed, and he replied that he had been trading with Mr. Blanchette, whereupon appellant told him to go ahead and make his arangements to get the feed he wanted. Colley then ordered two car loads of feed stuffs from Blanchette, told him of the arrangement he had made with Broussard, that the latter was to pay for it, and before shipping the order to see and "make your own deal with him." The arrangement made by Broussard and others whereby Colley would be enabled to purchase such supplies was made with the Beaumont Rice Mills of which Broussard was manager, and the mills paid the first bill ordered by Col-

ley from Blanchette and subsequently two other such bills, amounting all told to about $1,839.13. H. L. Blanchette, agent for H. S. Blanchette, the appellee, testified in substance as follows: "With regard to the account sued on here I made the contract with Mr. Broussard for H. S. Blanchette. I said, 'Joe, Mr. Colley is going to need more feed, and he told me to see you about this contract for feed;' and he said, 'Yes; I have a little agreement or contract, something with Mr. Colley to put in the land down there, and I will pay for this feed.' And I said, 'We had better draw up this account Broussard and Colley;' and he said, 'Yes; draw up the account Broussard and Colley, and we can have no trouble, and I will pay for the feed.'" This witness further testified: "It is a fact that Mr. Colley never agreed to pay for any of this feed. I didn't look to Mr. Colley for any of it at all. I made the contract with Mr. Broussard. I made the contract entirely with Mr. Broussard, and looked to him for the money. I opened up the account as he told me." And again: "I am not looking to Mr. Colley in any manner. I had no contract with him. I delivered the feed to him through Mr. Broussard's order. * * * I don't claim that Mr. Colley owes me the bill. I never looked to Mr. Colley for that money. I never asked him for a dollar of it at any time."

Under this testimony, it is clear that no judgment could have been rendered against defendant Colley, and it would have been error for the court to have submitted to the jury the issue of his liability. But appellant contends that the giving of the peremptory charge to find for Colley was error because it was calculated to, and did, influence the jury to believe that the defendant Broussard was liable, and that they had no other recourse than to so find or deprive plaintiff of his entire right of recovery for the goods actually sold and delivered by him. Without agreeing to this contention, we think that Blanchette's testimony was equivalent to a nonsuit as against Colley, and, as Broussard did not pray for a judgment over against Colley in the event the jury should find against him, it was of no concern to him that the court instructed a verdict for Colley under the evidence quoted. If he feared such an effect from the giving of the peremptory charge, he should have requested the giving of a proper special charge guarding against the possibility of such construction being placed on the charge by the jury. It follows, therefore, that the court did not err in giving the instruction complained of, and the assignment is overruled.

[2] By his sixth assignment appellant complains that the verdict of the jury is against the great weight and preponderance of the testimony in the several particulars set out in the assignment. His proposition is that, "where the verdict of the jury is unjust and manifestly against the great weight and preponderance of the evidence, the appellate

court will reverse the judgment." With the soundness of this proposition we have no quarrel. But we think that the evidence of the witness Blanchette copied in disposing of the preceding assignment was sufficient to make the question of Broussard's liability one for the jury, and that their determination of it in view of such evidence should not be disturbed by an appellate court.

[3] The second assignment complains of the following portion of the court's charge; the charge by consent of the parties having been given orally: "The material allegations the court submits for your consideration, shown on the part of the plaintiff by his petition, are to the effect that before these items of feed that are sued on here, as shown in this exhibit to this petition, were sold and delivered to the defendant A. C. Colley, that he had an understanding or an agreement through his agent, H. L. Blanchette, with the defendant Joe E. Broussard, by which it was agreed and understood between H. L. Blanchette, as agent and acting for H. S. Blanchette, the plaintiff, that Blanchette should go ahead and sell and deliver to the defendant A. C. Colley such feed as the defendant Colley might need or want during that season, and that he, Broussard, himself agreed and promised the agent of H. S. Blanchette, Mr. H. L. Blanchette, who testified on the stand, that he, Joe Broussard, would pay for it; and the allegations are further on the part of the plaintiff that he did thereafter furnish to defendant A. C. Colley the items of feed that are charged therein in that exhibit and attached to the original petition, and that no part of same has ever been paid." The criticism of this charge is that the court in stating the issues raised by the plaintiff's petition blended the allegations of the petition with the testimony of the witness H. L. Blanchette. The criticism is directed to so much of the charge as referred to H. L. Blanchette as the agent of and acting for H. S. Blanchette. While it is true the petition did not allege that in making the contract and in selling the goods the appellee was acting through his agent, H. L. Blanchette, still, we think, that the court in the charge did state to the jury the substance of the issues raised by the plaintiff's pleadings and we cannot conceive how appellant could possibly have been injured by the statement that the transaction was conducted by the agent, instead of the principal in person. In contemplation of law the liability was the same in either case. We overrule this assignment, as well as the fourth assignment, which presents a similar point.

We do not think the charge is misleading or that it is upon the weight of the evidence, or that it gives undue prominence to the testimony of H. L. Blanchette, or that it is ambiguous and calculated to mislead the jury, as complained of in the third assignment of error, and said assignment is overruled.

We think the record as presented to us is free from reversible errors, and the judgment of the court below is affirmed.

Affirmed.